IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHANA GIEL                        :      CIVIL ACTION
                                  :
            v.                    :
                                  :
FEASTERVILLE FIRE COMPANY         :      NO. 07-1186


MEMORANDUM AND ORDER

McLaughlin, J.                                    July 21, 2008

        In this suit, plaintiff Shana Giel, a former volunteer
firefighter for defendant Feasterville Fire Company
("Feasterville" or "the Company"), alleges that she suffered
sexual harassment and retaliation in violation of Title VII of
the Civil Rights Act of 1964 and the Pennsylvania Human Relations
Act.

        Ms. Giel alleges that Mark Young, a battalion chief in
the Fire Company, sexually harassed her, both verbally and
physically, from December 2004 through October 2005 by making
sexual comments and groping her breasts and buttocks.  She
alleges another fire fighter, Barry Shore, participated in some
of the harassment.  Ms. Giel also contends she was retaliated
against after she filed a formal complaint against Mr. Young and
Mr. Shore with the Fire Company Board.

        Feasterville has moved for summary judgment, arguing
that Ms. Giel cannot show the severe and pervasive conduct
required to make out a hostile work environment claim or the

materially adverse action caused by her protected activity
required to make out a retaliation claim.  The Court will deny
the motion, finding, on the record presented, genuine issues of
fact preventing summary judgment on either claim.  In making this
determination, the Court has applied the applicable summary
judgment standard, viewing the facts of the case in the light
most favorable to plaintiff and drawing all inferences in the
plaintiff's favor.  Doe v. C.A.R.S. Protection Plus, Inc., 527
F.3d 358, 362 (3d Cir. 2008).

        Among the required elements of a hostile work
environment claim are that the plaintiff be shown to have been
subjected to intentional discrimination that was "pervasive and
regular" and that detrimentally affected the plaintiff and would
have detrimentally affected a reasonable person.  Cardenas v.
Massey, 269 F.3d 251, 260 (3d Cir. 2001).  Feasterville contends
that Ms. Giel has failed to show that the actions she complains
of were sufficiently pervasive and regular or sufficiently
offensive to be actionable.

        In opposition to summary judgment, Ms. Giel points to
her deposition testimony, in which she states that, beginning in
2005, fellow firefighter Mark Young made inappropriate sexual
comments and groped her breasts and buttocks.  Ms. Giel testified
that Mr. Young told her "a couple of times" that, if her "husband
wasn't around, that we could be together."  Ms. Giel testified

-2-

that, after fire calls, when she was removing her gear, Mr. Young would sometimes grab her, at first on the buttocks and later on the breasts.  She testified that he also "a couple of times" grabbed her genitals.  Ms. Giel was unclear in her testimony how often this behavior occurred.

At deposition, Mr. Young admitted that he had grabbed Ms. Giel's breasts and buttocks when they were "kidding around," but testified that the touching was mutual:

> We were just joking around.  Maybe I might pat her on her butt.  She'd pat me on my butt.  I'd grab her boobs.  She'd grab me by my balls – you know just playing around.

Young Dep. at 33.  Mr. Young testified he could not remember how many times this physical contact had occurred, but stated that it happened when they would go on a fire call.  Id.  Ms. Giel denies touching Mr. Young sexually or engaging in sexual banter with him and says she told him to "knock it off."  Giel Dep. at 55.

Although both Ms. Giel and Mr. Young are uncertain of the frequency of these incidents, this testimony is sufficient, given the standard applicable on summary judgment, to create a genuine issue of material fact as to whether Ms. Giel was subjected to "pervasive and regular" harassment.  The conflicting testimony as to whether the sexual contact between Ms. Giel and Mr. Young was mutual, viewed in the light most favorable to Ms. Giel, creates a genuine issue of material fact as to whether the Ms. Giel was both subjectively and objectively detrimentally

affected by the incidents.  Summary judgment will therefore be denied on Ms. Giel's hostile work environment claim.

Ms. Giel has also produced sufficient facts for her retaliation claim to survive summary judgment.  For a claim of retaliation, Ms. Giel must show that: (1) she engaged in protected activity; (2) her employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action.  LeBoon v. Lancaster Jewish Community Center Ass'n, 503 F.3d 217, 231-232 (3d Cir. 2007).  Feasterville contends Ms. Giel cannot prove the second two elements of her claim.

Ms. Giel claims that she suffered retaliation because, after she brought charges against Mark Young with the Fire Company for sexual harassment, she was brought up on charges of harassing him.  Ms. Giel filed formal charges of harassment against Mark Young and Barry Shore on October 13, 2005.  After a hearing held November 22, 2005, the Fire Company Board of Directors found Mr. Young guilty of conduct unbecoming an officer and sexual harassment and suspended him for three months.  The suspension, however, never went into effect because Mr. Young appealed and the suspension was put to a vote of the Fire Company on December 20, 2005, and failed to be affirmed by a two-thirds vote of the Company as required by its by-laws.

-4-

On January 16, 2006, the Vice-President of the Fire Company filed charges against Ms. Giel for sexual harassment, unlawful issuance of a company pager, and conduct unbecoming an officer.  These charges were based, in part, on testimony by Mark Young and Barry Shore at the earlier hearing on Ms. Giel's charges that Ms. Giel had touched their genitals in what they described as mutual "joking around."  The Vice-President also filed charges against Ms. Giel's husband for unlawful issuance of a pager and conduct unbecoming.  On February 26, 2006, the charges against the Giels were dismissed when no witnesses appeared to testify in support of them.

Feasterville argues that 1) the filing of disciplinary charges does not rise to the level of a materially adverse action and 2) even if it does, Ms. Giel has no evidence that the charges brought against her were in retaliation for her claims against Mr. Young.

To be a materially adverse, an action must be sufficiently serious that it "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (internal quotation and citation omitted).  Under this standard, an action need not be so significant as to amount to a change in the terms or conditions of the plaintiff's employment, but must be more than an allegation of "petty slights or minor

annoyances." Id. at 60, 67-68.  The Court finds that, on this
record, the disciplinary charges lodged against Ms. Giel and her
husband are sufficient to create a genuine issue of material fact
as to whether they constituted materially adverse actions.

     The causation required for a retaliation claim can be
shown by evidence of timing or by evidence of ongoing antagonism.
Abramson v. William Patterson College of N.J., 260 F.3d 265, 288
(3d Cir. 2001).  Temporal proximity alone may be sufficient to
show causation where it is unusually suggestive.  If the timing
is not unusually suggestive, a court must look at the evidence as
a whole, including evidence of intervening antagonism, to
determine if it is sufficient to raise an inference of
retaliation.  LeBoon, 503 F.3d at 232.

     Here, Ms. Giel filed her charges against Mark Young and
Barry Shore on October 13, 2005 and had a hearing on those
charges on November 22, 2005.  The alleged retaliation against
her occurred January 16, 2006.  Although the three-month gap
between Ms. Giel's protected activity and the alleged retaliation
is not sufficient by itself, to make the required showing of
causation, there is other evidence as to causation here.  Taking
all inferences in Ms. Giel's favor, there is some evidence of
ongoing antagonism between her and members of the Fire Company in
the intervening months between her protected activity and the
alleged retaliation, evidenced by the refusal of the members of

-6-

the Company to ratify Mark Young's suspension by two-third vote. Although the question is a close one, on this record, the Court finds that Ms. Giel has made a sufficient showing to prevent summary judgment on the issue of causation.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHANA GIEL                     :     CIVIL ACTION
                               :
             v.                :
                               :
FEASTERVILLE FIRE COMPANY      :     NO. 07-1186


ORDER

    AND NOW, this 21st day of July, 2008, upon

consideration of the defendant's Motion for Summary Judgment

(Docket No. 13), and the response thereto, IT IS HEREBY ORDERED

that the Motion is DENIED.


                         BY THE COURT:


                         /s/ Mary A. McLaughlin
                         MARY A. McLAUGHLIN, J.